**Mantis Funding LLC v Kauz. Corp.**

2024 NY Slip Op 30786(U)

March 11, 2024

Supreme Court, Kings County

Docket Number: Index No. 504907/2022

Judge: Francois A. Rivera

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 52 of
the Supreme Court of the
State of New York, held in
and for the County of
Kings, at the Courthouse,
at Civic Center, Brooklyn,
New York, on the 11th day
of March 2024

HONORABLE FRANCOIS A. RIVERA

------------------------------------------------------------------------X

MANTIS FUNDING LLC,

**DECISION & ORDER**
Index No.: 504907/2022

Plaintiff,

- against -

KAUZ. CORP. DBA KONVENIENCE KORNER,
MICHAEL LEE KAUZLARICH AKA MICHEAL
LEE KAUZLARICH and KAREN ROSE
KAUZLARICH,

Defendants.

------------------------------------------------------------------------X

Recitation in accordance with CPLR 2219 of the papers considered on the notice
of motion filed on March 16, 2022, under motion sequence number one, by Mantis
Funding LLC (hereinafter plaintiff), for an order pursuant to CPLR 3212 granting it
summary judgment against Kauz. Corp. DBA Konvenience Korner (hereinafter company
defendant), Michael Lee Kauzlarich AKA Micheal Lee Kauzlarich and Karen Rose
Kauzlarich on its claims for breach of contract, breach of personal guarantee and unjust
enrichment as asserted against the defendants. The motion is unopposed.

The Court reviewed NYSCEF documents 1 through and including 14 in deciding
the motion as follows:

-Notice of motion
-Affidavit in support
-Affirmation in support
    Exhibits A-D

**BACKGROUND**

On February 17, 2022, plaintiff commenced the instant action for, inter alia,

breach of contract by filing a summons and complaint with the Kings County Clerk's office (KCCO). On March 7, 2022, the defendants joined issued by interposing and filing a joint answer with the KCCO. The complaint alleges twenty-five allegations of fact in support of three causes of action, namely, breach of contract, breach of a personal guaranty agreement, and unjust enrichment.

The complaint alleges the following salient facts. On September 30, 2021, plaintiff and defendants entered into an agreement whereby plaintiff agreed to purchase the company defendant's future receivables in the amount of $29,600.00. Pursuant to the agreement defendants agreed to have one bank account approved by plaintiff (the bank account) from which company defendant authorized plaintiff to make daily ACH withdrawals until it obtained $29,600.00.

In addition, the guarantor agreed to guarantee all amounts owed to plaintiff from the company defendant upon a breach in performance by company defendant. Plaintiff remitted the purchase price for the future receivables to company defendant as agreed. Company defendant stopped making its payments to plaintiff and otherwise breached the agreement by intentionally impeding and preventing plaintiff from making the agreed-upon ACH withdrawals from the designated bank account while conducting regular business operations.

The company defendant made payments totaling $9,750.00, leaving a balance of $19,850. Despite due demand, the company defendant has failed to pay the amounts due and owing by company defendant to plaintiff under the agreement. There remains a balance due and owing to plaintiff on the agreement in the amount of $24,850.00 plus

[* 2]

interest, costs, disbursements, and attorney's fees.

## LAW AND APPLICATION

There is no opposition to the instant motion. However, a summary judgment motion should not be granted merely because the party against whom judgment is sought failed to submit papers in opposition to the motion, i.e. defaulted *(Liberty Taxi Mgt., Inc. v Gincherman*, 32 AD3d 276, 278 n [1st Dept 2006], citing *Vermont Teddy Bear Co., v. 1- 800 Beargram Co.*, 373 F3d 241, 244 [2d Cir 2004] ["the failure to oppose a motion for summary judgment alone does not justify the granting of summary judgment. Instead, the ... court must still assess whether the moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law"]; *see Cugini v System Lumber Co., Inc.*, 111 AD2d 114, 115 [1st Dept 1985]).

It is well established that summary judgment may be granted only when no triable issue of fact exists *(Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-325 [1986]). The burden is upon the moving party to make a prima facie showing that he or she is entitled to summary judgment as a matter of law by presenting evidence in admissible form demonstrating the absence of material facts *(Giuffrida v Citibank*, 100 NY2d 72, 81 [2003]).

A failure to make that showing requires the denial of the summary judgment motion, regardless of the adequacy of the opposing papers *(Ayotte v Gervasio*, 81 NY2d 1062 [1993]). If a prima facie showing has been made, the burden shifts to the opposing party to produce evidentiary proof sufficient to establish the existence of material issues

[* 3]

of fact (*Alvarez*, 68 NY2d at 324).

Pursuant to CPLR 3212 (b), a court will grant a motion for summary judgment upon a determination that the movant's papers justify holding, as a matter of law, that there is no defense to the cause of action or that the cause of action or defense has no merit. Furthermore, all the evidence must be viewed in the light most favorable to the opponent of the motion (*Marine Midland Bank v Dino & Artie's Automatic Transmission Co.*, 168 AD2d 610 [2d Dept 1990]).

The essential elements of a cause of action to recover damages for breach of contract are "the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" (*Cruz v Cruz*, 213 AD3d 805, 807 [2d Dept 2023]).

The elements of a cause of action to recover for unjust enrichment are (1) the defendant was enriched, (2) at the plaintiff's expense, and (3) that it is against equity and good conscience to permit the defendant to retain what is sought to be recovered (*Sarker v Das*, 203 AD3d 973 [2d Dept 2022], citing *Financial Assistance, Inc. v Graham*, 191 AD3d 952, 956 [2d Dept 2021]).

A plaintiff's cause of action for unjust enrichment may not be maintained if a valid contract governing the subject matter exists. Under such circumstances, recovery in quasi contract for events arising out of the same subject matter are generally precluded (*see CSI Group, LLP v. Harper*, 153 AD3d 1314, 1317 [2d Dept 2017], citing *EBC I, Inc. v. Goldman, Sachs & Co.*, 5 NY3d 11, 23 [2005]; *Clark - Fitzpatrick, Inc. v. Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]). Plaintiff's claim for breach of contract is undisputedly

[* 4]

4 of 6

based on the agreement. Consequently, plaintiff may not maintain a claim for unjust enrichment.

In the case at bar, the only sworn testimony submitted by plaintiff in support of the motion was an affirmation of Jeffrey Zachter, its counsel, and an affidavit of Kathleen Fink (hereinafter Fink). Zachter's affirmation contends that the facts in support of the motion are contained in the affidavit of Fink.

Zachter's affirmation demonstrates no personal knowledge of any of the transactional facts alleged in the complaint. "An attorney's affirmation that is not based upon personal knowledge is of no probative or evidentiary significance" (*Nerayoff v Khorshad*, 168 AD3d 866, 867 [2d Dept 2019], citing *Warrington v Ryder Truck Rental, Inc.*, 35 AD3d 455, 456 [2d Dept 2006]).

Fink's affidavit is used to authenticate the agreement which was allegedly breached by the defendants. Fink averred that she is the director of Risk Management for the plaintiff and, as such, has personal knowledge of its business practices and procedures. She further averred that the factual allegations proffered in support of the motion for summary judgment are derived from her review of the plaintiff's business records. She then referred to the documents attached to the motion, namely, the agreement and the document denominated as a balance statement.

It is noted that Fink did not aver that she was a signatory to the agreement or that she participated in the execution of same. Furthermore, she did not submit any documentary support of the amount the plaintiff purportedly provided to the defendants. This fact alone raises material issues of fact regarding the plaintiff's performance under

[* 5]

the agreement. Consequently, the plaintiff cannot make a prima facie showing of entitlement to judgment on its claims for breach of the agreement. Moreover, the plaintiff did not establish that the obligation of the guarantor to guarantee the corporate defendant's performance was triggered. Accordingly, the motion is denied regardless of the sufficiency, or lack thereof, of opposing papers (*See Cugini v Sys. Lumber Co.*, 111 AD2d 114 [2nd Dept 1985]).

## CONCLUSION

The motion by Mantis Funding LLC for an order pursuant to CPLR 3212 granting it summary judgment against Kauz. Corp. DBA Konvenience Korner, Michael Lee Kauzlarich AKA Micheal Lee Kauzlarich and Karen Rose Kauzlarich on its claims for breach of contract, breach of personal guarantee and unjust enrichment is denied.

The foregoing constitutes the decision and order of this Court.

ENTER:

_____
J.S.C.

**HON. FRANCOIS A. RIVERA**

[* 6]